IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2618-JDT-dkv |
| | ) | |
| SHELBY COUNTY DIVISION OF | ) | |
| CORRECTIONS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On September 18, 2015, Plaintiff Douglas Martinez, who was, at the time, incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Plaintiff submitted the required documentation, the Court issued an order on October 10, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 7.) On June 20, 2016, Plaintiff notified the Clerk that he had been released. (ECF No. 26.)

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in monthly

installments. 28 U.S.C. § 1915(b). However, in this case, no portion of the filing fee was paid prior to Plaintiff's release. Under these circumstances, the Sixth Circuit has held that "the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff is ORDERED to submit, within 30 days after the date of this order, either a non-prisoner *in forma pauperis* affidavit or the entire $400 civil filing fee.[1] The Clerk shall mail Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because Plaintiff initially was granted leave to proceed *in forma pauperis* in accordance with the PLRA, the Court did not assess the additional $50 fee. However, if Plaintiff now chooses to pay the entire filing fee instead of seeking pauper status, he must also pay the $50 administrative fee.