IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2618-JDT-dkv |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS TO APPOINT COUNSEL AND
DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT

The *pro se* prisoner Plaintiff, Douglas Martinez, who was, at the time, incarcerated at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Plaintiff filed the necessary documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Plaintiff notified the Court on June 20, 2016, that he had been released. (ECF No. 26.)

The complaint was accompanied by a motion for appointment of counsel. (ECF No. 3.) Thereafter, Plaintiff filed three additional motions to appoint counsel. (ECF Nos. 9, 11 & 15.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir.

2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

At this stage of the proceeding, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in Plaintiff's motions serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Therefore, the motions for appointment of counsel are DENIED.

Plaintiff also filed a motion for a preliminary injunction and temporary restraining order on January 14, 2016. (ECF No. 18.) He requested that the Court order SCCC officials

to refrain from reducing his time in the law library, interfering with his access to legal materials, or preventing him from obtaining help from volunteers and/or jailhouse lawyers. (ECF No. 18-3 at 1.)

Plaintiff's motion for an injunction is DENIED. Because Plaintiff is no longer incarcerated at the SCCC, his request for protection from interference with his time in the law library is moot. *Cf. Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE