UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|   |   |   |
|---|---|---|
| DOUGLAS MARTINEZ | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2618-JDT-cgc |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTIONS TO AMEND, DISMISSING COMPLAINT AND
GRANTING LEAVE TO FURTHER AMEND

On September 18, 2015, Plaintiff Douglas Martinez ("Martinez"), who was, at the time, an inmate at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Martinez complied with the Court order, ECF Nos. 4 & 6), in an order issued on October 6, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) On October 19, 2015, Martinez submitted a letter notifying the court of his intent to file an amended complaint intended to serve as the "new statement of facts." (ECF No. 8.) Martinez filed the amended complaint on October 29, 2015. (ECF No. 10.) On April 4, 2016, Martinez filed a motion to amend complaint. (ECF No. 22.) That motion is GRANTED. Plaintiff filed another motion to amend on November 1, 2016, in which he seeks to clarify the names of some of the Defendants and remove two named Defendants. (ECF No. 32.)

That motion is also GRANTED. The Clerk shall record the Defendants as Shelby County, Tennessee;[1] SCCC Director William Gupton, SCCC Assistant Director First Name Unknown ("FNU") Spears, Deputy Admin of Security Dennis Tillman, SCCC Manager Minus Adams, Lieutenant ("Lt.") Stephen Craig, Sergeant ("Sgt.") FNU Ward, Sgt. FNU Strickland, G. Building Unit Manager Chris Packard, B Counselor Carlitha Parrish, B. Counselor Ms. FNU Bryant, B. Counselor FNU Houston, A. Counselor Ms. FNU Lee, A Counselor Mr. FNU Long, A Counselor Mr. FNU Green, A Counselor Dwight Aaron, H Building Unit Manager Lorraine Washington, Administrator Stanley Lipford, Disciplinary Board Supervisor Doris Smith, Grievance Department Supervisor Tonya Beasley, Disciplinary Hearing Officer Carol Gregory, Sgt. FNU Hurd, "CCS" Health Administrator Gary Soileau, CCS Q1 Kelley Brumky, CCS Nurse Practitioner Allen Hopkins, CCS Nurse Practitioner Ron Abston, CCS Nurse FNU Lincoln, CCS Psychiatrist Dr. FNU Spells, Aramark, Aramark Employee Janice Wilson, SCCC Legal Clerk Eugene McIntyre, Maintenance Supervisor Ann Rogers, and Grievance Representative Shawn Farmer.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as

---

[1] The Court construes the allegations against the Shelby County Division of Corrections as claims against Shelby County.

2

stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Martinez filed his complaint and amended complaints pursuant to actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Pursuant to Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

The United States District Court for the Eastern District of Michigan has succinctly summarized the legal principles:

> In considering whether joinder should be permitted, the court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 . . . (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See*, *e.g.*, *Pruden v. SCI Camp Hill*, [252] F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all

> in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

*Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.")

The complaint and amended complaint in this case assert numerous, unrelated claims against approximately thirty-four named defendants plus five unidentified John Doe and Jane Doe defendants. Martinez's various claims include, for example, that he (1) wrote grievances that were ignored; (2) was denied access to the law library on numerous occasions by multiple parties; (3) had his due process violated when disciplinary hearings were held past the statute of limitations, included altered statements, and where Martinez was not allowed to present evidence; (4) was falsely accused of stealing and not allowed to present his side of the story; (5) received a false disciplinary in retaliation for Martinez writing a complaint; (6) was forced to take a drug test before the expiration of his probationary period; (7) was retaliated against due to the filing of grievances; (8) was subject to inhumane treatment and jail conditions during his confinement in C building where he was not given a shower, soap or toilet paper, was not given utensils to eat, and where the toilet did not work; (9) was denied medical care on multiple occasions; (10) was forced to reside in building with black mold where the kitchen is unclean, the food preparation is unsanitary, and the food lacks nutritional balance; and (11) was yelled at, intimidated, insulted, and threatened by multiple defendants.

Although Plaintiff's claims have some factual similarities in that they occurred at the same facility, there are many disparate claims. Thus, this is "the kind of 'buckshot complaint that . . . should be rejected if filed by a prisoner.'" *Harris*, 2009 WL 368011, at *1 (quoting

*George v. Smith*, 507 F.3d at 607)). Martinez must therefore decide which related claims to bring in this lawsuit and he must provide a short and plain statement of those claims. *See* Fed R. Civ. P. 8(a). If Martinez wishes to sue on all of his claims, he will necessarily have to bring more than one lawsuit and each lawsuit will have to be accompanied by a separate application to proceed *in forma pauperis*. *See George*, 507 F.3d at 607. Thus, since the claims in the complaint and amended complaints are not properly joined, they are DISMISSED. All other pending motions (ECF Nos. 23, 24 & 25) are DENIED without prejudice to re-filing at the appropriate time if this case ultimately survives screening.

Martinez is GRANTED leave to further amend his complaint. Any amendment must be filed within thirty (30) days after the date of this order. The amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint or amended complaints. Martinez may add additional defendants provided that the claims against the new parties are properly joined. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Martinez fails to file an amended complaint within the time specified, the Court will enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE